UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TONI D.,                                                        Case No. 3:21-cv-00560-AR

                Plaintiff,

        v.                                              **OPINION AND ORDER**

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

_____

**ARMISTEAD, Magistrate Judge**

      In this judicial review of the Commissioner's final decision denying Social Security

benefits, plaintiff Toni D. (her last name omitted for privacy) alleges that the Administrative Law

Judge (ALJ) improperly evaluated her subjective symptom testimony and erred in assessing her

residual functional capacity (RFC). The Commissioner concedes that the ALJ erred in evaluating

plaintiff's subjective symptom testimony and it moves to remand the case. (Def.'s Mot. to

Remand, ECF No. 11.) The parties disagree, however, whether the case should be remanded for

Page 1  – OPINION AND ORDER

further proceedings or for an immediate award of benefits. The Commissioner argues that further proceedings are required because there are unresolved issues and that the record does not dictate a finding of disability. Plaintiff argues that the ALJ has – for the second time – failed to provide clear and convincing reasons to discount her testimony, contends that she satisfies all the credit-as-true criteria, and asserts that remanding for an immediate award of benefits is appropriate. As discussed below, the Commissioner's Motion to Remand is granted, the Commissioner's decision is reversed, and this case is remanded for an immediate award of benefits.

## BACKGROUND

Plaintiff alleges disability based on disabling back pain with a sudden onset date of September 28, 2015. An MRI of the lumbar spine in December 2015 showed a disc protrusion at L5-S1 impinging upon the descending left S1 nerve root. (Tr. 18, 696.) Plaintiff pursued various treatment modalities, including osteopathic manipulation, steroid injections, nerve blocks, and physical therapy. (Tr. 783.) After exhausting those conservative care options, plaintiff underwent an L5-S1 discectomy in December 2016. (*Id.* citing Tr. 372.) Plaintiff's back pain did not resolve post-surgery. (Tr. 351.)

On January 27, 2017, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 28, 2015. (Tr. 13, 690.) Plaintiff's date last insured (DLI) is December 31, 2015, making it necessary for plaintiff to establish disability within this three-month window. (Tr. 15, 693.) Her applications were denied initially and on reconsideration. (Tr. 13, 690.) After a hearing on her appeal, the ALJ issued an unfavorable decision dated July 31, 2018. (Tr. 21.) Plaintiff subsequently appealed to this court, and on April 21, 2020, District Judge Michael H. Simon issued an

Opinion and Order (O&O) reversing and remanding the ALJ's decision for further proceedings. In the April 2020 O&O, Judge Simon concluded that the ALJ erred in evaluating her subjective symptom testimony and that consequently, the residual functional capacity (RFC) assessment failed to consider all relevant information. (O&O at 9-17, Tr. 781-89.) Judge Simon determined that the ALJ did not err in failing to call a medical advisor to testify at the hearing because plaintiff's alleged onset of disability occurred "all at once" and that her alleged onset date could be determined without speculation. (O&O at 20-21, Tr. 792-93.) Judge Simon concluded, however, that the record was not free from all conflicts and ambiguities and remanded the case for further proceedings. (O&O at 21-22, Tr. 793-94.)

On remand, the ALJ conducted a second administrative hearing on January 5, 2021. (Tr. 708.) On February 10, 2021, the ALJ again issued an unfavorable decision. (Tr. 687.) In determining that plaintiff was not disabled, the ALJ found that the objective medical record did not support the degree of debilitation alleged by plaintiff and discounted her subjective symptom testimony. (Tr. 695-97.) The ALJ found that plaintiff could perform a reduced range of light work, was unable to perform her past relevant work as a bookkeeper, and that based on vocational expert testimony, other jobs exist in the national economy that she can perform. (Tr. 695-699.) On April 14, 2021, plaintiff sought judicial review of the ALJ's decision with this court.[1]

/ / / / /

/ / / / /

---

[1]    On February 8, 2023, the parties filed consent to jurisdiction by magistrate judge, Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) (Consent, ECF No. 13), and this court has jurisdiction to judicially review the Commissioner's final decision, 42 U.S.C. § 405(g).

**DISCUSSION**

When a court determines that the ALJ committed harmful legal error in denying benefits, the court may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or an immediate award of benefits, the court conducts a "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under that analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Garrison*, 759 F.3d at 1020.

It is undisputed that the first prong of the credit-as-true test is satisfied. The ALJ erred in evaluating plaintiff's subjective symptom testimony and the Commissioner has conceded the error.[2]

As to the second prong, plaintiff argues that the record is fully developed and that remanding this case for a third hearing will serve no useful purpose. Plaintiff contends that the objective medical evidence provides a basis for her pain, that the ALJ has failed to provide

---

[2]    Long-standing Ninth Circuit precedent recognizes that the persistence and limiting effects of a claimant's pain testimony are "inherently subjective and difficult to measure" and that an ALJ "may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (citing *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (providing that a claimant's credibility is "exceptionally important in excess pain cases" which "often hinge entirely on whether or not the claimant's description of what he is feeling is believed")).

specific, clear and convincing reasons for discounting her pain testimony twice previously, and

that when her pain testimony is credited, there are no outstanding conflicts that require

resolution.

The Commissioner argues that further proceedings are necessary for a variety of reasons,

none of which are well-taken. First, the Commissioner contends that disability may not be

premised on plaintiff's statements alone. (Def.'s Br. at 6, ECF No. 11 (citing 20 C.F.R. §

404.1529(a) ("Statements about your pain or other symptoms will not alone establish that you

are disabled.")).) Objective medical evidence definitively shows a disc protrusion with nerve root

impingement at L5-S1, with moderate left and mild right L5-S1 foraminal stenosis. (Tr. 695- 96.)

Thus, plaintiff's claim of back pain is corroborated by objective evidence – a fact acknowledged

by the ALJ. (Tr. 695-97.)

Second, the Commissioner argues that a conflict exists because plaintiff did not challenge

the opinions of agency reviewing physicians Thomas W. Davenport, M.D., and Susan Moner,

M.D., who concluded that she can perform a reduced range of light work. (Tr. 66-67, 77-79.) In

the Commissioner's view, because their opinions are uncontested, remanding for further

proceedings is necessary.[3] (Def.'s Br. at 6.) The court concludes that, although Drs. Davenport's

Moner's opinions are uncontested, there are no actual conflicts that require remanding this case

for a third hearing.

Drs. Davenport and Moner reviewed the evidence on plaintiff's disability application

initially and on reconsideration. (Tr. 659-81.) They determined that plaintiff's statements were

---

[3]     Because plaintiff filed her application before March 27, 2017, the ALJ's evaluation of the
medical opinion evidence is governed by the former regulations. See 20 C.F.R. § 404.1527(c)
(discussing how medical opinions are weighed).

not substantiated by the objective medical evidence alone, and concluded that plaintiff could perform light work, presumably rejecting plaintiff's pain complaints. (Tr. 67, 78-79.) In the decision, the ALJ gave their opinions "great weight" finding them "consistent with the objective medical record." Tr. 697. The ALJ twice has erroneously rejected plaintiff's testimony on the basis that it is not fully supported by objective medical evidence. It makes little sense to permit the ALJ to rely on agency opinions that also impermissibly rejected plaintiff's pain testimony because it was not fully corroborated by the objective medical evidence. *See Brown v. Astrue, Case No. 1:11-cv-06277-PK, 2012 WL 6203128, at \*7 (D. Or. Dec. 12, 2012)* (concluding that ALJ erred in rejecting claimant's excess pain testimony solely because it was not supported by objective medical evidence, and that "ALJ may not rely exclusively on the opinion of an agency non-examining expert who rejects a claimant's excess pain testimony for that same impermissible reason"). Underscoring that point is the fact that the Commissioner fails to identify *any* evidence that actually undermines plaintiff's testimony that would require resolution on remand. It is Drs. Davenport's and Moner's uncontested conclusions – as opposed to any actual evidence – that the Commissioner asserts creates a conflict. Absent some contradictory evidence requiring resolution and interpretation, plaintiff's pain testimony cannot be rejected solely because it is not fully supported by objective medical evidence, and it is unclear what issues a third hearing would resolve. Therefore, the court concludes that their opinions do not create a conflict and that a third hearing would serve no useful purpose.

Third, the Commissioner argues that remanding this case for further proceedings with a medical expert would be useful (1) to assess plaintiff's onset date, (2) to ensure her alleged

disability persisted for 12 consecutive months or (3) to assess plaintiff's RFC for the timeframe at issue. The Commissioner's contentions are unavailing.

As Judge Simon previously determined, plaintiff's disability is alleged to have occurred suddenly on September 28, 2015, when she woke up with severe back pain. (Tr. 792-93.) In such instances, a medical advisor is not required to aid with assessing an onset date. *See Diedrich v. Berryhill*, 874 F.3d 634, 639 (9th Cir. 2017) (stating that "[s]ometimes, the onset of disabilities occurs all at once, and the date of onset is clear"). Plaintiff testified at the first hearing on June 12, 2018, that standing and sitting exacerbate her pain, that she must lay on her side relieve her pain, and that her pain is constant. (Tr. 39, 40, 43, 36, 41.) The first hearing was conducted two and half years after her date last insured. Thus, a medical advisor is unnecessary to assess duration.[4] Moreover, in light of plaintiff's testimony about her unremitting back pain, the court is not persuaded by the Commissioner's suggestion that a medical advisor is necessary to assess plaintiff's RFC for the period at issue, September 28 through December 31, 2015.

As to prong three, once plaintiff's testimony is credited as true, the vocational expert's (VE) testimony forecloses a determination that she can sustain competitive employment. At the January 5, 2021 hearing, plaintiff testified that at the time of her DLI in 2015, she spent 40 to 50 percent of the day lying on her side to alleviate her back pain. Tr. 724. The VE testified that if an

---

[4]     The court rejects the Commissioner's suggestion that remand is necessary to consider plaintiff's October 2020 report that her pain medications were "working well for her chronic back pain." (Tr. 956.) A review of those records reveal that plaintiff was prescribed various narcotic pain medications for her chronic back pain, and that she noted they were helping but that she is "always in pain." (Tr. 982.) Again, those records do not reveal that plaintiff is engaged in any activities inconsistent with her testimony, and do not give this court any "serious doubt" that plaintiff is disabled. (Tr. 963, 976, 980, 991, 995, 1007-09.) And, to the extent the Commissioner is arguing that plaintiff has experienced medical improvement such that she is no longer disabled, such a determination is beyond the scope of this court's review.

individual was off-task for more than 15 percent of the workday, she could not sustain

employment. Tr. 739. The Commissioner does not challenge the VE's testimony and does not

dispute that a person who is off-task for 15 percent or more would be precluded from

competitive employment. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2014) (remanding

for immediate payment of benefits where ALJ erred in discrediting claimant's back pain solely

for lack of corroborating evidence); *Derrell C. B. v. Comm'r Soc. Sec. Admin.*, Case No. 3:22-

cv-05390-JRC, 2023 WL 112043, at *3 (W.D. Wash. Jan. 5, 2023) (crediting claimant's

testimony that he needed a half-hour break every 15 minutes and remanding case for immediate

payment of benefits because competitive employment would be precluded based on VE

testimony).

Finally, because the court has no "serious doubt" that plaintiff is disabled, the court

reverses and remands this case for an immediate calculation and award of benefits. *Garrison*,

759 F.3d at 1022.

## CONCLUSION

For the above reasons, the Commissioner's motion to remand (ECF No. 11) is

GRANTED, the Commissioner's final decision is REVERSED, and this case is REMANDED

for an immediate calculation and award of benefits.

DATED: February 21, 2023.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge