UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TONI D., | Case No. 3:21-cv-00560-AR |
| Plaintiff(s), | |
| v. | **ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** |
| PARTY NAME, | |
| Defendant(s). | |

**ARMISTEAD, Magistrate Judge**

Plaintiff Toni D. (last name omitted for privacy) brought this action seeking review of the Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act.[1] On February 21, 2023, the court reversed the Commissioner's decision and remanded the case for an immediate award of benefits. On remand, plaintiff was entitled to benefits beginning March 2016. On May 1, 2023, the court

---

[1] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1).

Page 1 – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

awarded $6,099.10 in fees to plaintiff's attorney under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Order for EAJA Fees, ECF No. 20.)

Plaintiff's counsel, Robyn M. Rebers, seeks approval of $21,875.12 in attorney fees, under 42 U.S.C. § 406(b), which represents 25 percent of plaintiff's past-due benefits of $28,313 less the $6,099.10 in fees previously awarded under the EAJA, and a reduction of $338.78 to account for a one-month extension of time received by Rebers. (Mot. for Attorney Fees, ECF No. 22.) Although the Commissioner does not dispute that counsel is entitled to an award of fees and agrees that the amount requested is reasonable, the Commissioner takes issue with the wording of plaintiff's counsel's Proposed Order attached to the motion for attorney fees.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may allow a reasonable fee for an attorney who represented a Social Security claimant before the court and obtained a favorable judgment, as long as the fee is not in excess of 25 percent of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When a contingency agreement applies, the court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id.* at 807-08. Although the fee agreement is the primary means for determining the fee, the court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Page 2 – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

The court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Plaintiff agreed to pay counsel fees of 25 percent of any past-due benefits awarded to her. (Rebers Decl. Ex. B, ECF No. 22-2.) The amount sought by counsel represents 25 percent of the past-due benefits ($28,313), less the $6,099.10 received under EAJA, and less $338.78 to account for a requested extension. The representation was not substandard and the results achieved were excellent. This court remanded this matter for an immediate award of benefits. There is no evidence that a windfall will result from the requested fee. Moreover, the Commissioner has no objection to the amount of the award. Applying the standards set by *Gisbrecht*, the court finds that the requested fees are reasonable.

The parties dispute the wording to be used in the Order. The Commissioner insists that § 406(b)(1)(A) does not authorize an order "directing" the Commissioner to "pay" attorney fees. (Resp. at 2, ECF No. 24.) The Commissioner requests that the order specify that any amount of fees awarded under § 406(b) are to be paid out of plaintiff's past-due benefits that have been withheld by the agency for that purpose. At bottom, the Commissioner appears concerned about being on the hook for attorney fees in the event of a shortfall of withheld funds. The proposed order provided by plaintiff's counsel complies with the Commissioner's request, as does the court's order below.

The Commissioner also notes that when an attorney receives fees under the EAJA and § 406(b), the attorney must refund the smaller fee award to the claimant. (Resp. at 3-4.) Plaintiff's counsel asks that the court employ the "netting method," which subtracts the previously awarded EAJA fees from the § 406(b) award. *See Fernando C. C. v. Comm'r Soc. Sec. Admin.*, Case No.

Page 3 – ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

3:18-cv-01728-BR, 2023 WL 7019930, at *1 (D Or. Oct. 24, 2023) (describing and using the "netting method" to award attorney fees under § 406(b).) The Commissioner takes no position on the netting method, but requests that the court determine the reasonableness of the total § 406(b) fee award, not the net amount. The court's reasonableness determination discussed above considered the full amount of § 406(b) fees sought. Accordingly, the court has addressed the Commissioner's concerns.

## CONCLUSION

Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 22) is GRANTED, and plaintiff's counsel is awarded $21,875.12 in attorney's fees under 42 U.S.C. § 406(b), less any administrative assessment or processing fee prescribed by statute.

DATED: December 28, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge